**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DENILSON JERONIMO HERNANDEZ,**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, JOHN E. RIFE, MARKWAYNE MULLIN, TODD BLANCHE,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-8111** |

**ORDER**[1]

**AND NOW**, this 25th day of November, 2026, upon consideration of the Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 1), Respondents' response in opposition thereto (ECF No. 4), Petitioner's Traverse (ECF No. 7), and Petitioner's Motion for Leave to Late File Certificate of Service (the "Motion for Leave") (ECF No. 6), it is hereby **ORDERED** as follows:

1. For the reasons set forth below, the Petition is **GRANTED**. The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on November 30, 2026**.
2. Petitioner's Motion for Leave (ECF No. 6) is **DENIED** as **MOOT**.
3. Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.
4. The Government is temporarily enjoined from re-detaining Petitioner until December 5, 2026.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

5. If the Government decides to pursue re-detention of Petitioner after December 5, 2026, it must provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).
6. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.
7. The Clerk of Court shall mark this case as **CLOSED**.

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-06543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-07199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

Petitioner, a native of Guatemala, has lived in Elkton, Maryland, since 2021 after entering the United States sometime prior to that time. (ECF No. 1 ¶ 18.) Petitioner has never encountered immigration authorities since entering the United States.[2] (*Id.* ¶ 19.) He has no criminal history and has maintained employment since arriving in the country. (*Id.* ¶¶ 2, 18.) On October 20, 2026,

[2] The fact that Petitioner had not encountered immigration authorities does not change the Court's analysis. Indeed, other Courts in this District have also granted habeas petitions in similar cases where the detained noncitizen had not yet encountered immigration authorities. *See generally Chub Coc v. Jamison*, No. 26-cv-08177, 2026 WL 3270087 (E.D. Pa. Oct. 30, 2026).

Petitioner was stopped by Immigration and Customs Enforcement ("ICE") while driving to work. (*Id.*) Respondents report that ICE officers initiated a vehicle stop while conducting a targeted fugitive operation for another individual; they contend that Petitioner "match[ed] the target's physical description." (ECF No. 4 at 3–4; *see also* ECF No. 4-1 at 13.) ICE officers subsequently arrested Petitioner, relying on a handwritten warrant.[3] (ECF No. 1 ¶ 19.) Petitioner is currently detained at the Philadelphia Federal Detention Center ("Philadelphia FDC"). (*Id.* ¶¶ 3, 9, 20.) Petitioner brings four claims for relief based on violations of the Immigration and Nationality Act ("INA"), specifically, 8 U.S.C. § 1226(a) (Count I); procedural and substantive due process under the Fifth Amendment to the U.S. Constitution (Counts II and III); and the *Accardi* Doctrine (Count IV). (*See generally* ECF No. 1.)

Respondents argue that the initial stop and detention of Petitioner were lawful, that § 1226(a) authorizes Petitioner's continued detention, that Petitioner's arrest and detention do not violate his constitutional due process rights, and that Respondents followed the applicable regulations in arresting and detaining Petitioner. (ECF No. 4 at 5.) The Court disagrees and, for the following reasons, grants the Petition.

As a threshold matter, the Court concludes that it is appropriate to excuse prudential exhaustion of administrative remedies based on the clear and unambiguous violation of Petitioner's statutory and constitutional rights, described in more detail below. *See Ogundairo v. J.L. Jamison*, No. 26-cv-7681, 2026 WL 3549003, at *6 (citing *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988); *Dos Reis v. McShane*, No. 26-cv-03775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) (Sánchez, J.)).

---

[3] This "handwritten warrant" (*see* ECF No. 4-1 at 13) was not submitted to the Court. Respondents provided only the Form I-200 Warrant of Arrest and the Notice to Appear generated at ICE's Philadelphia Field Office *after* Petitioner's arrest. (*Id.* at 1, 6; ECF No. 4 at 4.)

As to the merits, and again for reasons this Court has articulated on numerous occasions, the Court rejects Respondents' position that Petitioner's detention without an individualized determination is consistent with § 1226(a). Detention under § 1226(a) requires an individualized determination as to whether the noncitizen poses a danger to property or persons and is likely to appear for future proceedings, and such a determination "cannot rely on the generalized findings that [a noncitizen] lacks citizenship or lawful status, that [a noncitizen] is subject to President Donald Trump's Executive Order, titled Protecting the American People Against Invasion, and that there is availability of bed space in an ICE or DHS detention facility." *See, e.g.*, *Ogundairo*, 2026 WL 3549003, at *7 (citation modified). No such determination occurred for Petitioner in this case. (*See* ECF No. 4-1 at 13–14.) Moreover, the implementing regulations of § 1226(a) require that a Notice to Appear ("NTA") be issued prior to the Form I-200 Warrant of Arrest. 8 C.F.R. § 236.1. In this case, the "handwritten warrant" upon which Petitioner's arrest was based was unambiguously issued *before* the NTA, which was not generated until Petitioner had already been arrested and transported to ICE's Philadelphia Field Office.[4] (*See* ECF No. 4 at 4.)

Furthermore, as this Court has repeatedly explained in similar circumstances, Petitioner's detention without a bond hearing violates his procedural due process rights, and the Government's interest in immigration enforcement and public safety does not outweigh Petitioner's interest in freedom from physical detention and the significant risk of erroneous detention. *See, e.g.*, *Ovalles-Trejo v. Jamison*, No. 26-6935 (E.D. Pa. Oct. 6, 2026) (Hodge, J.), Dkt. No. 14 at 5 (finding that

---

[4] To the extent that Respondents contend that Petitioner was properly arrested without a warrant pursuant to 8 U.S.C. § 1357, this Court has clearly articulated that "[a] warrantless arrest under 8 U.S.C. § 1357 and its implementing regulation does not absolve Respondents of their obligation to comply with the requirements of § 1226(a) and its implementing regulations." *Ogundairo*, 2026 WL 3549003, at *8 (citation omitted). Thus, with or without a warrant, Petitioner's arrest clearly and unambiguously violates § 1226(a) and its implementing regulations.

the petitioner was deprived of procedural due process when he was detained without a bond hearing); *see also Colmenares-Medina v. Jamison*, No. 26-7732 (E.D. Pa. Nov. 6, 2026), Dkt. No. 10 at 4–6 (same).

In light of these dispositive conclusions, the Court does not address Petitioner's remaining claims, including the propriety of the initial vehicle stop.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**